IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GMS MINE REPAIR &
MAINTENANCE, INC.,

Plaintiff,

v.                                                              CIVIL ACTION NO.   2:21-cv-00184

BRADLEY BAIZE, et al.,

Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff GMS Mine Repair & Maintenance, Inc.'s ("GMS")

Motion to Strike Reply to Response, (ECF No. 14), and Defendant Bradley Baize's ("Defendant"

or "Baize") Motion to Strike Memorandum in Opposition, (ECF No. 17).   For the reasons

explained more fully below, the Court **DENIES** both motions.

*I.      BACKGROUND*

This action arises out of a state-court lawsuit filed by Baize against Defendants Arch

Resources, Inc., Mingo-Logan, LLC, and Harold Napier—a Mingo-Logan employee.   GMS

commenced the above-captioned action on March 24, 2021, pursuant to the Federal Arbitration

Act ("FAA"), 9 U.S.C. § 4.   (ECF No. 14 at 1, ¶ 1.)   In its Complaint, GMS seeks an order from

this Court compelling arbitration of the state-court lawsuit pursuant to the terms of an alleged

written agreement to arbitrate entered into by and between GMS and Baize resulting from his

employment by GMS.   (*Id.* at 1–2, ¶ 1.)

On June 22, 2021, Baize filed a motion to dismiss (the "First Motion to Dismiss"), (ECF No. 7), arguing that GMS lacks standing to assert arbitrability because GMS is not a party to the underlying state court bodily injury action.  (ECF No. 14 at 2, ¶ 2.)   Baize also argued that the Court should abstain from hearing GMS's Complaint, either on the basis of discretionary abstention doctrine, or on the basis of *Colorado River* abstention.  (*Id.*)   GMS timely responded to the First Motion to Dismiss on June 25, 2021.  (*Id.* at 2, ¶ 3.)   Baize replied to GMS's responsive brief on July 1, 2021, arguing that the written arbitration agreement "does not embrace his bodily injury claims asserted in state court."  (*Id.* at 2, ¶ 5.)   On July 9, 2021, GMS moved this Court to strike Baize's Reply, arguing that Baize's brief, although captioned as a "reply," is actually another motion to dismiss, "runs afoul" of Federal Rule of Civil Procedure 12(g)(2), and should be stricken by this Court.  (*Id.* at 2, ¶ 5.)

Baize also filed a second motion to dismiss (the "Second Motion to Dismiss") on July 1, 2021, arguing that this Court lacks subject matter jurisdiction over this action.  (*Id.* at 2, ¶ 4.) GMS, without seeking leave of this Court or filing a motion to exceed the responsive memoranda page limitations imposed by Local Rule 7.1, filed its 24-page Memorandum in Opposition to the Second Motion to Dismiss on July 13, 2021.  (ECF No. 15.)   In lieu of filing a reply brief to GMS's responsive brief, Baize moved this Court to strike GMS's Memorandum in Opposition for exceeding Local Rule 7.1's page limitations.  (ECF No. 17 at 2–3.)

Baize responded to GMS's Motion to Strike on July 16, 2021.  (ECF No. 16.)   GMS did not reply to Baize's response.  GMS responded to Baize's Motion to Strike on July 20, 2021. (ECF No. 18.)   Baize replied to GMS's response on July 25, 2021.  (ECF No. 20.)   Accordingly,

GMS's Motion to Strike and Baize's Motion to Strike have been fully briefed and are now ripe for adjudication.

## II.    LEGAL STANDARD

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter," acting either "on its own" or "on motion made by a party."  Fed. R. Civ. P. 12(f).  District courts are afforded significant discretion in determining whether to strike certain material from pleadings.  *See Devers v. City of Huntington*, No.: 3:18-cv-01452, 2019 WL 4281936, at *2 (S.D. W. Va. Sept. 10, 2019).  Motions to strike are "generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'"  *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).  As such, "Rule 12(f) motions should be denied 'unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'"  *Devers*, 2019 WL 4281936, at *2.  Thus, a "sizeable burden" is imposed on a Rule 12(f) movant.  *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993).

## III.    DISCUSSION

### A.  GMS's Motion to Strike

GMS moves this Court to strike Baize's Reply to its Response to Baize's First Motion to Dismiss.  (ECF No. 14 at 1.)  GMS argues that Baize's Reply advances grounds for the dismissal of this action that were not argued in his original motion to dismiss; namely, that the written arbitration agreement entered into by and between GMS and Baize does not embrace his bodily injury claims asserted in state court.  (*Id.* at 2, ¶ 5.)  Alternatively, GMS argues that it should be

3

permitted to file a responsive memorandum to address the arguments raised in Baize's Reply.   (Id. at 3, ¶ 9.)

Conversely, Baize contends that his argument that his bodily injury claims asserted in state court are not within the scope of the arbitration agreement was advanced to support his ultimate argument that GMS failed to make a claim to which relief is entitled.   (ECF No. 16 at 4.)   Baize argues that this argument was advanced "in direct response to allegations raised by [GMS] in its Response (ECF 10) to [his] Motion to Dismiss and supporting memorandum of law."   (Id. at 1.)

Rule 12(g)(2) states that "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."   Fed. R. Civ. P. 12(g)(2).   Nevertheless, given that striking a portion of a brief, let alone an entire brief, is a "drastic remedy," and given that another remedy is available to GMS—permission to file a surreply to Baize's Reply, the Court **DENIES** GMS's Motion to Strike, (ECF No. 14).   The Court permits GMS to file a surreply to Baize's Reply to its Response to Baize's Motion to Dismiss within seven days of the date of the entry of this Order.

*B.  Baize's Motion to Strike*

Baize moves this Court to strike GMS's Memorandum in Opposition to his Motion to Dismiss for Lack of Subject Matter Jurisdiction.   (ECF No. 17.)   Baize's sole argument that the Court should strike GMS's Memorandum in Opposition is that it contains 24 pages, thereby exceeding the page limitation imposed by Local Rule 7.1.   (Id. at 2.)   GMS contends that its Memorandum in Opposition required 24 pages to rebut Baize's "misdirected jurisdictional attack." (ECF No. 18 at 1–2.)   It submits that the four additional pages were required to discuss the "fraudulent joinder" doctrine with respect to the citizenship of Defendant Napier and his role in

the Court's jurisdictional analysis for purposes of Baize's Motion to Dismiss for Lack of Subject Matter Jurisdiction.   (*Id.* at 2.)

Motions to strike are "generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'"   *Waste Mgmt. Holdings, Inc.*, 252 F.3d at 347.   Although counsel is advised to adhere to the page limitations imposed by the Local Rules, and the Court may very well strike briefs, or portions of briefs, that do not adhere to the Local Rules, Baize's request to strike GMS's Memorandum in Opposition in its entirety is unwarranted in this case.

Given the drastic character of the remedy requested, and given that Baize does not argue that the Court's consideration of GMS's Memorandum in Opposition would result in any prejudice to him, the Court **DENIES** Baize's Motion to Strike, (ECF No. 17).   The Court permits Baize seven days to file a reply brief to GMS's Memorandum in Opposition from the date of the entry of this Order.

## IV.   CONCLUSION

For the reasons explained above, the Court **DENIES** GMS's Motion to Strike Reply to Response, (ECF No. 14), and permits GMS to file a surreply to Baize's Reply, (ECF No. 11), within seven days of the entry of this Order.   Further, the Court **DENIES** Baize's Motion to Strike GMS's Memorandum in Opposition, (ECF No. 17), and permits Baize seven days from the date of the entry of this Order to reply to GMS's Memorandum in Opposition, (ECF No. 15).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        November 10, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE

6